UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY FLOW-SUNKETT, GLENN SUNKETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:19-cv-1009 KJM KJN P<br><br>ORDER |

Plaintiffs Glenn Sunkett, a state prisoner, and Brittney Flow-Sunkett, his wife, are both proceeding pro se, and filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2021, the magistrate judge filed findings and recommendations, which were served on plaintiffs and which contained notice to plaintiffs that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiffs objected in part to the findings and recommendations, as discussed in more detail below. *See generally* Objections, ECF No. 30.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the

findings and recommendations to be supported by the record and by the proper analysis. The court writes separately here to address the plaintiffs' objections.

The plaintiffs first object to the magistrate judge's recommendation to dismiss the claims against all defendants other than Redmon and Boerum. *See* Objections at 1–2. Only those two defendants participated in the hearing and administrative process conducted outside Mr. Sunkett's presence. *See* F&Rs at 6. The plaintiffs do not explain what role the other defendants played other than arguing they had authority and an opportunity to correct the error. These allegations do not permit the court to infer the remaining defendants' potential liability.

The plaintiffs next object to the magistrate judge's recommendation that Ms. Flow-Sunkett's claims be dismissed. *See* Objections at 2–4. They argue she has participated extensively in efforts to obtain relief and has suffered as a result of the defendants' decisions. *See id.* The operative complaint's only potentially viable claim relates to a prison administrative process, and as the magistrate judge correctly concluded, Ms. Flow-Simlett does not have standing to challenge that process. *See* F&Rs at 13.

Finally, the plaintiffs object to the magistrate judge's recommendation that this court decline to exercise jurisdiction over their state law claims under 28 U.S.C. § 1367(c)(2). *See* Objections at 4; F&Rs at 11–12. Under § 1367(c)(2), a district court may decline to exercise supplemental jurisdiction over a state law claim that forms part of the same "case or controversy" as a federal claim over which the court has original jurisdiction if the state law claim "substantially predominates" over the federal claim. The magistrate judge correctly determined that the plaintiffs' broad-reaching state law claims would substantially predominate over their one potentially viable federal claim, which focuses narrowly on one procedural deprivation.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 18, 2021, are adopted in full;

2. Plaintiff Glenn Sunkett is granted thirty days in which to file a third amended complaint solely as to his due process claims against defendants Redmon and Berum;

3. Plaintiffs' remaining claims against the remaining defendants are dismissed without prejudice;

4. Plaintiff Brittney Flow-Sunkett is dismissed from this action; and

5. The court declines to exercise jurisdiction over plaintiffs' state law claims.

DATED: June 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE