1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GLENN SUNKETT,                          Case No.  1:21-cv-01137-HBK (PC)

12              Plaintiff,                    ORDER STRIKING THIRD AMENDED
                                             COMPLAINT FOR FAILURE TO COMPLY
13        v.                                 WITH A COURT ORDER[1]

14   T. REDMON and T. BOERUM,                (Doc. No. 32)

15              Defendants.                   SEPTEMBER 15, 2023 DEADLINE

16

17        Pending before the Court for screening under 28 U.S.C. § 1915A is the third amended pro

18   se civil rights complaint filed under 42 U.S.C. § 1983 by Glenn Sunkett—a prisoner.  (Doc. No.

19   32, "TAC").  For the reasons discussed below, the Court strikes Plaintiff's TAC.  The Court will

20   afford Plaintiff one final opportunity to comply with the Court's June 24, 2021 Order and file a

21   third amended complaint solely as to his due process claim against Defendants Redmon and

22   Boerum, or voluntarily dismiss his TAC, before recommending the district court dismiss this

23   action.

24                          **PROCEDURAL HISTORY**

25        Plaintiff initiated this action in the Sacramento Division of this Court.  (Doc. No. 1).  The

26   previously assigned Magistrate Judge screened Plaintiff's second amended complaint ("SAC")

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1   which alleged, inter alia, that Plaintiff was wrongfully denied family visits because of a

2   Mendocino County Jail Disciplinary Report that was wrongfully issued against Plaintiff.  (Doc.

3   No. 28 at 8; Doc. Nos. 29, 33).  Additionally, the SAC asserted multiple claims for violations of

4   Plaintiff's free exercise of religion under the First Amendment, double jeopardy under the Fifth

5   Amendment, cruel and unusual punishment under the Eighth Amendment, due process and equal

6   protection under the Fourteenth Amendment, and a multitude of violations of state laws and

7   regulations and the California constitution.  (Doc. No. 28 at 3-4, 19-26).

8          Upon screening, the previously assigned magistrate judge issued findings and

9   recommendations that Plaintiff be permitted to proceed on a potentially cognizable due process

10  claim against Defendants Redmon and Boerum "in connection with the December 4, 2015

11  hearing and subsequent application of the administrative determinant and increased placement

12  score without notice and an opportunity to be heard."  (Doc. No. 29 at 6:17-19). The previously

13  assigned magistrate judge found the SAC otherwise failed to state any other cognizable claim.

14  Pertinent to this Order, the previously assigned magistrate judge recommended: (1) the reliance

15  on the false disciplinary report from Mendocino County Jail to deny Plaintiff family visits did not

16  constitute a cognizable claim; (2) Plaintiff did not have a constitutional right to family visits; (3)

17  Plaintiff's due process challenges in connection with the July 30, 2009 incident report and the

18  2010 hearing at San Quentin were time barred; (4) the denial of Plaintiff's family visits due the

19  false escape charge lodged against Plaintiff does not establish a violation of the equal protection

20  clause; (5) allegations that defendants compelled Plaintiff to undertake a hunger strike did not

21  constitute deliberate indifference and therefore was not a cognizable claim under the Eighth

22  Amendment; and (6) the Court should decline to exercise jurisdiction over Plaintiff's state law

23  claims.  (*Id*. at 6-12).  The district judge adopted the findings and recommendations and ordered

24  Plaintiff to file a TAC only to his due process claims against Redmon and Boerum.  (Doc. No. 31

25  at 2: 25-26).

26          After Plaintiff timely filed his TAC, this action was transferred to the undersigned because

27  the events giving rise to the TAC occurred at Kern Valley State Prison.  (Doc. No. 32 at 1; Doc.

28  No. 33).  The TAC is almost a mirror image of Plaintiff's SAC.  The TAC alleges a violation of

1   Plaintiff's due process rights, which is permissible under the Court's June 24, 2021 Order.

2   However, the TAC also reasserts the same claims that were already found not cognizable alleging

3   Defendants (1) denied Plaintiff from enjoying his constitutional right to family visits; (2) violated

4   the equal protection clause; (3) relied on a false disciplinary report from Mendocino County Jail

5   to deny Plaintiff family visits; (4) denied Plaintiff due process in connection with the July 30,

6   2009 incident report and the 2010 hearing at San Quentin; (5) were deliberately indifferent in

7   violation of the Eighth Amendment by compelling Plaintiff to undertake a hunger strike; (6) and

8   the same state law claims the Court previously declined to exercise supplemental jurisdiction

9   over.  (Doc. No. 32 at 8, 22-26).[2]  Additionally, the TAC includes numerous superfluous and

10  irrelevant facts.

**APPLICABLE LAW AND ANALYSIS**

12          Rule 8 states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P.

13  8(d)(1).  A district court has the power to dismiss a complaint when a plaintiff fails to comply

14  with Rules 8's pleading directives.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996);

15  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  When the factual

16  elements of a cause of action are not organized into a short and plain statement for each particular

17  claim, a dismissal for failure to satisfy Rule 8(a) is appropriate.  *Sparling v. Hoffman Constr. Co.*,

18  864 F.2d 635, 640 (9th Cir. 1988); see also Nevijel, 651 F.2d at 674.

19          Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for

20  the particular constitutional claim are not permitted.  *See Knapp v. Hogan*, 738 F.3d 1106, 1109

21  (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provides too much

22  information).  As an initial matter, Plaintiff's TAC, which includes 105 separate averments of

23  facts, fails to comply with Rule 8 due to its failure to state short and plain statements.

24          Additionally, the Courts have discretion to strike a complaint and may strike a complaint

25  if it fails to comply with a court order.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)

26  (magistrate judge struck complaint because it failed to comply with the Federal Rules of Civil

28  [2] The Court refers to the page numbers of the Third Amended Complaint as reflected on the Court's CM/ECF system instead of the page numbers on the Plaintiff's Third Amended Complaint.

Procedure); *see also Bishop v. Harrington*, 2013 U.S. Dist. LEXIS 130010, at *4 (E.D. Cal. Sept. 10, 2013) (striking complaint because it failed to comply with the court's previous screening order).  Here, the Court ordered Plaintiff to file a TAC concerning only his due process claims against Defendants Redmon and Boerum.  While the TAC only names Redmon and Boerum as Defendants, it is almost a mirror image of the SAC and reasserts the same claims previously found not cognizable.  Thus, Plaintiff's filing of the TAC is in direct violation of the Court's June 24, 2021 Order.  (*See* Doc. No. 31).

Despite Plaintiff's blatant violation of a court order, the undersigned will afford Plaintiff one final opportunity to file an third amended complaint before recommending the district court dismiss this action.  If Plaintiff chooses to file a third amended complaint, then he shall only assert his due process claims against Redmon and Boerum that are connected with the December 4, 2015 hearing and the application of the administrative determinant that increased Plaintiff's placement score without notice and an opportunity to be heard.  Plaintiff should avoid using diary-like entries of facts that are not relevant to his due process claims.  Instead, Plaintiff should allege short and plain statements that document what transgression each Defendant committed, where it was committed, and when it was committed as it relates to his due process claims connected with the December 4, 2015 hearing.  A failure to comply with this order and the Court's June 24, 2021 Order will result in the undersigned recommending the district court dismiss this action.

## OPTIONS

To continue the prosecution of this action, Plaintiff must take one of the following three options **no later than September 15, 2023**.  **First Option**:  Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses.  An amended complaint supersedes (replaces) the current complaint and, thus, the amended complaint must be free-standing and complete.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "Third Amended Complaint."

1    Plaintiff must allege facts sufficient to show that the defendant violated his civil rights.  Plaintiff

2    may not amend the complaint to add any other claims.  **Second Option**:  Plaintiff may file a

3    Notice stating he intends to stand on his current TAC subject to the undersigned recommending

4    the district court dismiss for the reasons stated in this Order.  If the Court dismisses this case

5    finding that the complaint fails to state claim or is in direct contravention to a court order, the

6    dismissal will count as a strike under the PLRA.[3]  **Third Option**: Because no defendant has yet

7    been served, Plaintiff may file a Notice of Voluntary Dismissal without prejudice under Federal

8    Rule of Civil Procedure 41(a)(1) which would preclude this action as counting a strike under the

9    PLRA.

10   Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform

11   any of the three options, the undersigned will instead recommend that the district court dismiss

12   this case as a sanction for Plaintiff's failure to comply with a court order and for failing to

13   prosecute this action after its determination that the complaint failed to state a claim, which will

14   count as strike under the PLRA.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

15   Accordingly, it is **ORDERED:**

16   1.    The Clerk of Court is directed to STRIKE Plaintiff's Third Amended Complaint.

17   (Doc. No. 32).

18   2**.    No later than September 15, 2023,** Plaintiff must elect one of three

19   aforementioned options and deliver to correctional for mailing: (a) a Third Amended Complaint;

20   (b) a Notice stating that he intends to stand on the current TAC subject to the undersigned

21   recommending the district court to dismiss the Complaint for the reasons stated in this Order;  or

22   (c) a Notice stating he wishes to voluntarily dismiss this action without prejudice under Fed. R.

23   Civ. P. 41 to avoid a strike.

24   3.    If Plaintiff fails to timely comply with this Court Order or seek an extension of

25   ---

26   [3] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing
     a civil action and paying the fee on a payment plan once they have had on prior occasions three or more
27   cases dismissed as frivolous, malicious, or for failure to state a claim.  *Lomax v. Ortiz-Marquez,* 140 S. Ct.
     1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of
28   whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a
     strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.

time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4.   The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.


Dated:   August 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE