UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN S. SUNKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. REDMON and T. BOERUM,<br><br>　　　　Defendants. | Case No. 1:21-cv-01137-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS<br><br>(Doc. No. 40)<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET |

  Plaintiff Glenn S. Sunkett, a state prisoner, is proceeding pro se in this action filed under 42 U.S.C. § 1983. On January 22, 2024, this Court issued a screening order on Plaintiff's Third Amended Complaint ("TAC"). (Doc. No. 39). As discussed in the Court's screening order, the TAC states cognizable Fourteenth Amendment due process claims against Defendants Redmon and Boerum but fails to state any other cognizable claim. (*Id*. at 10). The Screening Order afforded Plaintiff the opportunity to either (1) file a notice under Rule 41 and Federal Rule of Civil Procedure 15 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (2) stand on his TAC subject to the undersigned issuing Findings and Recommendations to dismiss the claims not deemed cognizable. (*Id*.).

  On February 22, 2024, Plaintiff filed a Notice to Proceed on Cognizable Claims. (Doc. No. 40). In his signed and dated Notice, Plaintiff states, "Plaintiff hereby gives notice that

Plaintiff requests to proceed only on the claims deemed cognizable by this court, specifically Plaintiff's fourteenth amendment due process claim against defendant Redmon and Boerum. Plaintiff voluntarily dismisses any other remaining claims in this case." (*Id*. at 1).

A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an issue or one or more claims but not completely dismissing a defendant).

In accordance with Plaintiff's Notice, Plaintiff's TAC will proceed only on his Fourteenth Amendment due process claims against Defendants Redmon and Boerum based on their failure to notify Plaintiff and afford him an opportunity to be heard before classifying him an escape risk, affixing an escape administrative determinant, and adding 19 points to his classification score. (*See* Doc. No. 38 at 9).

Accordingly, it is **ORDERED**:

1. This action proceeds on Plaintiff's Fourteenth Amendment due process claims against Defendants Redmon and Boerum only.

2. The Clerk of Court shall correct the docket to add T. Boerum as a defendant.

3. The Court will direct service upon Defendants Redmon and Boerum by separate order.

Dated:   February 23, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE